IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, #518622 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1260 |
| PATRICK COOPER, ET AL. | § | |

MEMORANDUM OPINION ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Lowell Quincy Green, an inmate confined at the Coffield Unit within the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

As an initial matter, Green has filed multiple complaints, letters, documents, and notices to the Court. His filings are extremely difficult to decipher, and requires the Court to essentially sift through hundreds of pages to determine what Green is essentially alleging.

Nonetheless**,** Green filed an original complaint, (Dkt. #1), and an amended complaint, (Dkt. #13). He complained that he is falsely imprisoned because his conviction for aggravated robbery is illegal due to a defective indictment. He also contends that several prison officials "obstructed justice" by tampering his legal mail and denying him access to the courts. In his original complaint, Green argued that he had active litigation at the Fifth Circuit Court of Appeals and was ordered to provide the Court with a six-month inmate trust account statement. According to Green,

"on 6-21-2016, Defendant Black Pack arrived at my cell 'C-Wing' [] with Plaintiff's 'sealed' federal outgoing mail, without any penological justification ordered plaintiff to open his (plaintiff mail) so he defendant Black Pack can inspect plaintiff special mail." (Dkt. #1, pg. 9-10). He asked why the defendant brought his "federal legal mail" to plaintiff on 6-21-2016 when plaintiff placed his outgoing federal legal mail in the prison mail system on 6-20-2016. (Dkt. #1, pg. 10). Green complained about his conviction and his legal mail.

After a review of the pleadings and Defendants' motion for judgment on the pleadings, the Magistrate Judge issued a Report, (Dkt. #44), recommending that Defendants' motion be granted and that Green's complaint be dismissed with prejudice for his failure to state a claim upon which relief may be granted. Specifically, the Magistrate Judge found that Green's assertions concerning his aggravated robbery conviction were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that he failed to state a cognizable access-to-courts claim because he cannot state a claim for harm. Green filed timely objections to the Report, (Dkt. #48).

## II. Green's Objections, Discussion, and Analysis

The court strikes Green's objections for inappropriate language. Without addressing the Magistrate Judge's legal analysis concerning his claims, he submitted objections replete with inappropriate language, with racial undertones, attacking a judicial officer. Because this disturbingly crude, inappropriate, and unacceptable language and tone of Green's objection reveals an utter lack of respect for the Court, the judicial system, and female judicial officers, the Court will strike this document. *See United States Steel Corp. v. United Mine Workers of Am.*, 526 F.2d 377 (5th Cir. 1976) ("By using in their petition for rehearing unprofessional language lacking respect for the Court, counsel for petitioner has invited the Court to strike their petition."); *Hartfield v. Thaler*, 498 F. App'x 440, 442 (5th Cir. 2012) (unpublished)

Nonetheless, the Magistrate Judge correctly and properly recommended that Green's complaint be dismissed for failure to state a claim. Rather than respond to the Magistrate Judge's analysis that his complaints about the illegality of his conviction are barred by *Heck*, Green is simply rearguing how his criminal indictment is purportedly defective. In this way, Green's objections do not respond to the substance of the Report and are meritless. His objections are overruled on this point.

Moreover, the Magistrate Judge correctly found that Green failed to state a claim for the denial of access to courts because he cannot demonstrate any harm. On objection, Green fails to respond to that finding. His objection does not respond to the substance of the Report but, rather, inappropriately attacks the Court and its judicial officers.

The Court has conducted a careful *de novo* review of the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Court shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and that Green's civil rights complaint should be dismissed with prejudice. Accordingly, it is

**ORDERED** that Green's objections, (Dkt. # 48,) are **STRUCK** from the record. Any future filings by Green containing such crude, disrespectful, and racial language and tone in this case may result in sanctions. The Report of the Magistrate Judge, (Dkt. #44), is **ADOPTED** as the opinion of the Court. Furthermore, it is

**ORDERED** that Defendants' motion for judgment on the pleadings, (Dkt. #42), is **GRANTED**. It is **ORDERED** that the above-styled civil rights lawsuit be **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **August, 2018.**

_____
Ron Clark, Senior District Judge